I believe that the trial court erred when it overruled the Defendant's objection to the Magistrate's decision to admit into evidence the writing that the Plaintiff offered to prove that Defendant Dimitrouleas had guaranteed Holt's promise to pay rent. Therefore, I would sustain the first assignment of error.
"Authentication" is a condition precedent to admissibility of evidence. Evid.R. 901(A). The requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. "The 'sufficient to support a finding' standard merely means that foundational evidence must be sufficient to constitute a rational basis for a jury decision that the primary evidence is what its proponent claims it to be." Weissenberger's Ohio Evidence, Section 901.2, at p. 554.
Here, the Plaintiff offered the writing as one purportedly signed by Defendant Dimitrouleas. The writing was of no relevance, and consequently no significance to the case, unless evidence was offered that Dimitrouleas actually signed it. The common manner of proving that fact is through testimony of a witness with knowledge that he did. Evid.R. 901(B). The "witness may have participated in or observed (Dimitrouleas sign it), or he may even have heard a pertinent conversation (showing that he did.)" Weissenberger, supra, Section 901.13, p. 557.
The only evidence that was offered to show that the signature on the document was that of Defendant Dimitrouleas was the testimony of Jack Dozier, who testified that Dimitrouleas had helped Holt out at the commencement of the lease and that he saw Dimitrouleas at the apartment complex on the date the lease was signed. These matters are persuasive of the proposition that Dimitrouleas might have signed the document concerned. However, they are not probative of the claim that he signed it, because they create no rational basis to find that he did. That defect is not cured by terming the evidence "circumstantial," because the circumstance involved does not rationally support the inference desired.
The fact that Dimitrouleas failed to appear and deny that the signature on the document was his could create an inference that it was his. But, only after the Plaintiff has offered some proof that it was can the inference he used to support authentication. "[W]hen a claim or offer involves impliedly or expressly any element of personal connection with a corporeal object, that connection must be made to appear, like the other elements, else the whole fails in effort." 7 Wigmore on Evidence, Section 2129, at 564.
The Plaintiff could have submitted a request that Dimitrouleas admit the genuiness of the document, but he didn't. He could also have deposed Dimitrouleas to establish that the signature was his, but the Plaintiff didn't. He was caught short when Dimitrouleas didn't attend the trial. The Plaintiff's miscalculations cannot be repaired by throwing the burden to his opponent to deny the proposition.
I would reverse and enter judgment for the defendant on the foregoing basis.
* * * * * * *
Copies mailed to:
Steven C. Katchman Alex V. DeMarco Hon. Richard Bannister
 Country Brooke Apartments 2980 Stop Eight Road Dayton, Ohio 45414 (513)-890-0142
DATE 5/14, 1996
I, GEORGE DIMITROULEAS agree to be responsible for the rent of 2980 Allen klelt at 2976 Stop Eight Road Apt. #5 in Country Brooke Apartments for the term of his/her lease, plus whatever time he/she may occupy said apartment after the expiration of the lease. I also agree to be responsible for any damage to said apartment during his/her occupancy.
SIGNED __________________
ADDRESS _________________
TELEPHONE _______________
SIGNED IN MAY PRESENCE _______________________________________ NOTARY PUBLIC